### SCOTT v. R. D. KINNEY & CO.

(Circuit Court, E. D. Pennsylvania. May 26, 1905.)

#### No. 7.

FEDERAL COURTS—REMOVAL OF CAUSES—DENIAL OF CIVIL RIGHTS.

Where petitioner's failure to obtain a trial of an action in a state court resulted from her inability to secure an attorney for that purpose, or because the plaintiff had been able to secure postponements of the trial against defendant's protest, and not because of any command or authority of the state, or any provision of the laws of the state, defendant was not entitled to remove the cause to the federal courts under Rev.. St. § 641 [U. S. Comp. St. 1901, p. 520], authorizing removal by any person who is denied or cannot enforce in the tribunals of the state any civil right, etc.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Removal of Causes, § 127.]

Remanding Case to the State Court.

Walter Stradling, for plaintiff.
R. D. Kinney, for defendants.

137 F.—64

HOLLAND, District Judge. Suit was instituted in this case in the court of common pleas No. 3 of Philadelphia county, March term, 1898, to recover for personal injuries resulting from the negligence of the defendants in failing to provide a safe place in which the plaintiff could do his work, in the capacity of a boiler maker, who was engaged, as he alleges, by the defendants to work on a tank which they were erecting at the time. On March 21, 1905, the defendants presented their petition to the said court of common pleas of Philadelphia county for the removal of this case into the United States Circuit Court for the Eastern District of Pennsylvania, under section 641 of the Revised Statutes [U. S. Comp. St. 1901, p. 520], wherein it is alleged they have been most anxious to have the said action brought to trial before the loss of existing important evidence, necessary and material to the defense of said action, and that four different lawyers, members of the Philadelphia bar, had been successively employed, each of whom had withdrawn from the case, and that since August 7, 1902, the defendants have been without counsel for the defense of their suit. The case was at issue on March 2, 1898, and has been regularly ordered for trial three times since that time—first on May 10, 1899, then on January 4, 1901, and again on December 2, 1904—and was called for trial on February 14, 1905, when the defendants insisted upon trial or non pros., both of which were overruled against the objection of the defendants. Then follows a citation of the rules of court and acts of assembly enacted in the state of Pennsylvania for the purpose of enabling the defendants to bring their case to trial. Wherefore, the petition alleges, the defendants "have been denied and cannot enforce in the proper tribunal of the state of Pennsylvania a right secured to them by the laws of Pennsylvania, providing for the equal civil rights of citizens of the United States, to wit, the right, under the fourteenth amendment to the Constitution of the United States, to the equal protection of the laws, as also to the right, under said amendment and acts of Congress, for the enforcement thereof, to wit, the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by other citizens of the state of Pennsylvania." Copies of the pleadings and other proceedings in the case were filed in this court on March 23, 1905, and the same were docketed here, as claimed by defendants, in accordance with the provisions of section 641.

The motion of the plaintiff can be regarded as one to remand the case to the court of common pleas. All the allegations contained in the petition for removal are to be taken as true, as there is no denial on the part of the plaintiff; but the facts set forth, together with the most favorable inferences to be drawn therefrom in favor of the petitioners, fail to make out a case for removal to this court under section 641. At most, the facts alleged in the petition show that the defendants have been delayed in bringing their cause to trial by reason of their inability to secure an attorney for that purpose, or for the reason that the plaintiff has been able to secure postponements of the trial of the case in the state court against the

protest of the defendants. There is no allegation that there is any law of the state of Pennsylvania, or rule of court of the city of Philadelphia, which discriminates against the defendants. If the defendants have been unable to bring their case to trial in the state court, it is because of their failure to secure an attorney for that purpose, or on account of the action or nonaction of the courts, and not from any command or authority of the state, or any provisions of the laws of the state. For such wrongs, in the language of the Supreme Court, section 641 has no application. It was not intended to reach such cases. It left them to the revisory power of the higher courts of the state, and ultimately to the review by the supreme judicial tribunal of the land. Virginia v. Rives, 100 U. S. 319, 25 L. Ed. 667.

The denial or inability to enforce in the judicial tribunals of the states rights secured by any law providing for the equal civil rights of citizens of the United States, to which section 641 refers, and on account of which a civil suit or criminal prosecution may be removed from a state court, is primarily, if not exclusively, a denial of such rights, or an inability to enforce them, resulting from the Constitution or laws of the state, rather than a denial first made manifest at or during the trial of the case. Gibson v. Mississippi, 162 U. S. 565, 16 Sup. Ct. 904, 40 L. Ed. 1075.

It is only when some state law, ordinance, regulation, or custom hostile to these rights is alleged to exist that a removal can be had under the first clause of this section. In re Wells, Fed. Cas. No. 17,-386. It was intended to protect against state action, and against that alone. In other words, the statute has reference to a constitutional or legislative denial of equal rights, or an inability to enforce them resulting therefrom, and not to any denial or inability to enforce resulting from the action of the judiciary. Virginia v. Rives, 100 U. S. 339, 25 L. Ed. 676. And it refers to legal disabilities and legal impediments, and not to private infringements by prejudice or otherwise, when the laws themselves are impartial and sufficient. Strauder v. West Virginia, 100 U. S. 303, 25 L. Ed. 664; Le Grand v. U. S. (C. C.) 12 Fed. 577, note 583.

Thus it will be seen that the Supreme Court has held that removals under section 641 can only be had when the party complainant cannot enforce rights secured to him by the law providing for equal civil rights of the citizens of the United States in a judicial tribunal of the state by reason of some enactment or constitutional provision of the state, and the allegations in this petition fail to show or even suggest such a case.

It was suggested at the argument that the case is not properly before this court, and should be dismissed. We do not think it is necessary to examine this technical objection, as, upon the facts alleged in the petition, we are of the opinion that it is not such a case as can be removed to this court under section 641, and must therefore be remanded to the court of common pleas No. 3 of Philadelphia county, and it is so ordered.